Bartee *vs.* Andrews.

No. 54.—Thomas P. Bartee, plaintiff in error, *vs.* Joseph Andrews, defendant in error.

[1.] Under the Act of 1853–'4, passed for the purpose of compelling discoveries at Common Law, the absence of the party subpœnaed, will operate as a cause of continuance by the party summoning, according to the rules which govern in other cases of absent witnesses. When the continuances of the latter are exhausted, if it be the plaintiff who is absent, the Court may, in his discretion, dismiss the case; if the defendant, he may strike out the defence. But if good cause be shown for such absence, and the absent party has not exhausted his continuances, the Court may continue at his instance, or otherwise, put him upon such terms as will secure justice to the party seeking a discovery.

[2.] A debt is liquidated *when* it is rendered certain what is due and how much is due. That certainty need not be contemporaneous with the agreement out of which it results.

Assumpsit, &c. in Stewart Superior Court. Tried before Judge Worrell, April Term, 1855.

Joseph Andrews brought suit against Thomas P. Bartee for his wages as overseer. The contract proven was, that Andrews was to have one-fifth of the crop made. Bartee discharged Andrews during the year, gathered the crop himself, and failed or refused to pay him his share. At April Term, plaintiff's Counsel moved to strike out the defendant's pleas, on the ground that defendant had been subpœnaed as a witness, (under the Act of 1853–'4,) and failed to appear. It appeared that the plaintiff had exhausted his continuances, and that the cause had never been continued by defendant. The Court struck out the pleas, and this is assigned as error.

The Court charged the Jury: "that if they believed that Bartee did contract to give Andrews one fifth of the crop for his services, and had, without proper cause, discharged him before the end of the year, Andrews was entitled to recover interest on the amount the Jury should find to be due. This decision, also, is assigned as error.

J. M. CLARK, for plaintiff in error.

B. S. WORRILL ; HARRISON, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The first question in this case, is raised upon the Act of 1853–'4, amending the Act of 1847, passed for the purpose of compelling discoveries at Common Law. That Act provides that " any party plaintiff or defendant, in any action at Common Law, pending in any Superior, Inferior or Justice's Courts of this State, wishing a discovery from, or the evidence of, the adverse party on the trial of such action, may apply to the Clerk of said Superior or Inferior Courts, or to the Justice of the Peace, in whose Courts said action may be pending ; in case the party whose evidence is desired resides in the county where said case is pending, for a subpœna, requiring said party to be and appear at said Court, and testify in said action as other witnesses now, by law, are required to do, which subpœna shall be served thirty days before the term of the Court at which he is required to attend ; and in case said party shall fail or refuse to be and appear and testify in said action, as required, then and in that case, said cause shall be subject to the same continuances as are now allowed by law for the absence or non-attendance of other witnesses ; and after said continuances are exhausted, said action shall be dismissed : *provided,* it be the plaintiff who refuses to appear and testify as aforesaid ; or if the party who fails or refuses to be and appear as aforesaid, be the defendant in said cause, his plea or pleas, and answers, if he has filed any, shall be stricken out, and judgment given against him by default, or such other order may be taken and had in said cause as, in the discretion of said Court, may be just and proper."

Our construction of this Statute is, that when either party, in pursuance of its terms, makes a witness of the other, the

absence or non-attendance of that witness, may operate as a cause for continuance by the party summoning him, according to the rules which govern in other cases of absent witnesses, until the continuances of that party summoning are exhausted, when, in order to put it out of the power of the party summoned to defeat his antagonist, by still absenting himself, the Act has provided that the suit may be dismissed if the plaintiff be the witness; and if the defendant, that the Court may strike out his defence. If the case be on the appeal, as this was, and the plaintiff subpœna his adversary, who absents himself, the former may continue twice; and then, if the latter still be absent, his pleas and answer may be stricken out. If the defendant summon the plaintiff, and the latter absent himself in the same way on the appeal, after two continuances by the defendant, the case may be dismissed.

The difficulty made by the Counsel for the defendant in error, in the language of the Statute, can easily be obviated by a transposition of its terms, when its meaning will become plain, as follows: "Provided" (or if) "it be the plaintiff who refuses to appear and testify as aforesaid, and after said continuances are exhausted, said action shall be dismissed; or if the party who fails or refuses to be and appear, be the defendant in said cause, his plea or pleas and answer, if he has filed any, shall be stricken out," &c. Here I have changed no word, and yet it must be entirely plain, that the meaning is such as we give to the language of the Statute.

But the Act does not *imperatively* require that the case should be dismissed, or the defence stricken out, even after the continuances are exhausted and the party summoned still fails to attend. Such non-attendance might ensue from Providential cause; and in such case, it would be a great hardship, if his case were lost because of this, his misfortune. Hence, the Act furnishes the alternative provision, that "such other order may be taken and had in said cause as, in the discretion of said Court, may be just and proper."

Our view, therefore, of this case is, that though the plain-

Bartee *vs.* Andrews.

tiff had exhausted his continuances, yet, the Court might have continued the case at the instance of the defendant, as he had never continued the same; or otherwise, in that discretion confided by the Statute, have put him upon terms. And we think, that as the defendant had been subpœnaed something like thirty days only before the Court, and there was no evidence of contumacy on his part, it was dealing too hardly with him to strike out his defence. This, probably, would not have been done, if the Court had not put that construction on the Act, which was insisted on by the Counsel for the defendant in error, viz: that he was required to do so, where the defendant was the party subpœnaed, and the plaintiff had exhausted his continuances.

[2.] The next question for our consideration is, whether or not the plaintiff shall have interest on any amount which he may be entitled to recover from the defendant. In other words, whether or not such amount is due from the defendant as a liquidated demand.

From the best reflection and examination which we have been able to bestow upon this case, we have arrived at the conclusion, that this is a liquidated demand, whether it be regarded as a promise to pay in money or specifics; for our law expressly provides that the latter may bear interest.

Liquidation is a fixed and determinate valuation of things, which, before, were uncertain. A debt is liquidated *when* it is rendered certain what is due, and how much is due—*cum certum est an et quantum debeatur.* That, certainly, need not be contemporaneous with the agreement out of which it results. Perhaps the difficulty in this case, on this point, grew out of the supposition, that this was necessary.

Now the agreement in this case was, that one fifth part of the crop was to be paid to the defendant, when it was made. This was a measure of the amount which the defendant was to receive. When did that amount become certain? Just when the defendant received and took possession of the crop, or of its proceeds; he had knowledge of the amount, and he knew that to one fifth thereof he was indebted to the plain-

tiff; and thus, *it became certain to him what was due.* It needed no further settlement or adjustment of accounts between them, in order that he might ascertain what was due. And if the same were due, and he continued to use it for his own benefit, no good reason can be given why interest should not be paid thereon, for such use. And therefore, we affirm the judgment of the Court on this ground.