## 43840. KEITH et al. v. BYRAM.

JORDAN, Presiding Judge. George N. Byram sought from Luther and Ophelia Keith the amount of his sales commission under an exclusive real estate listing agreement, alleging that within the period of this contract he procured a purchaser who obtained an option from the defendants for purchase of the lands, and that when the purchaser elected to exercise the option the defendants refused to sell. The lands are described in the listing agreement as follows: "All being in the 10th Land District Meriwether County Georgia. 409½ acres land in land lots numbers 57, 72, 73, and 89, said tracts all being in one body. Also 24½ acres, more or less, being in land lot #41. The aggregate of the forgoing [sic] described land is 434 acres more or less."

The agent had the right to sell the property during a 60-day period at $122 per acre on a commission of $12 per acre of the sale price. Following this are provisions for a commission based on a selling price agreeable to the seller but other than the stipulated price. Finally, the agreement provides that the "Agent shall have exclusive listing during the above stated period and should seller or anyone else sell the property during the listing period or should seller refuse to sell if agent has a ready buyer during listing period, then agent shall be entitled to his commission on above stated sale price." The defendants filed no defensive pleadings and the trial judge, acting without a jury, rendered judgment for the plaintiff for $5,208, plus interest and costs. The defendants moved to set aside the judgment, and appeal from the order overruling this motion. *Held:*

The petition contains a short and plain statement of the basis for the claim and a demand for judgment, all that is required under the law, including, in addition to the listing agreement,

a statement of the existence of an option contract, the election of a prospective purchaser to exercise the option, and the refusal of the defendants to sell, and the defendants, having filed no responsive defensive pleadings, admit all allegations except the amount claimed as damages. Sec. 8, Civil Practice Act (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230; *Code Ann.* § 81A-108). The description of the property in the listing agreement is adequate to show an enforceable agreement, for all that need appear is sufficient information to identify the property as that in fact which the defendants listed with the agent for sale, and on which the agent could act in offering the property for sale. There is no requirement that the description meet the exacting requirements of a contract for the purchase and sale of real estate, or an instrument conveying real estate, and cases involving such situations are not applicable. See *Orr v. Smith,* 102 Ga. App. 40 (115 SE2d 601). The case being automatically in default, and the defendants having taken no action within the time allowed and as provided by law to open the default, the plaintiff was entitled to judgment without the intervention of a jury as if every item were supported by evidence, unless he claimed unliquidated damages, in which event he would be required to submit evidence to establish the amount to the court without a jury. Sec. 55, Civil Practice Act (Ga. L. 1966, pp. 609, 659; Ga. L. 1967, pp. 226, 238; *Code Ann.* § 81A-155). A motion to set aside must reach some nonamendable defect not apparent on the face of the record or the pleadings. It is not sufficient that the complaint or other pleadings fail to state a claim on which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed. Sec. 60 (d), Civil Practice Act (Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-160 (d)).

We think the allegations of the petition as admitted by the defendants on default, and as construed in the face of a motion to set aside the judgment rendered thereon, require a determination that the agent earned his commission under the terms of the listing agreement, on the same basis as if he had sold 434 acres of land at a price of $122 per acre, entitling him to a commission of $12 per acre of the sale price. The commission in the event of a refusal to sell being a matter of exact computation under the terms of the listing agreement, no basis exists for treating the claim as one ex contractu for unliquidated damages, thus requiring proof of the amount

due. In view of the foregoing the trial judge did not err in overruling the motion to set aside the judgment.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1968—DECIDED SEPTEMBER 18, 1968.

*Henry N. Payton,* for appellants.

*Sanders, Mottola & Haugen, Charles Van S. Mottola,* for appellee.