## 53181. HENRY v. ADAIR REALTY COMPANY.

SHULMAN, Judge.
Plaintiff Adair Realty Co. filed suit against defendant C. D. Henry and another on July 17, 1975,

seeking a broker's commission allegedly due under a contract between the parties. An answer for both defendants was filed on September 9, 1975. Upon motion by plaintiff, the trial court struck the defensive pleadings and entered default judgment for plaintiff on April 28, 1976. On July 6, 1976, defendant Henry filed a motion to vacate judgment which was denied by order entered September 2, 1976. From this order defendant Henry appeals.

1. The record in this case shows that defendants' answer was filed on the 46th day following service on defendant Henry of the plaintiff's complaint. The time for filing an answer and opening the default as a matter of right had passed. Code Ann. § 81A-155 (a). There was no effort to seek leave of court to open the default as required by Code Ann. § 81A-155 (b). Plaintiff was entitled, therefore, to a default judgment ". . . as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages . . ." Code Ann. § 81A-155 (a).

Appellant contends that the damages in this case were unliquidated and that it was, therefore, error to enter a default judgment for a specified amount without hearing evidence from the defendant. "A debt is liquidated when it is rendered certain what is due and how much is due. That certainty need not be contemporaneous with the agreement out of which it results." *Bartee v. Andrews,* 18 Ga. 407. Plaintiff's complaint alleged (1) existence of a contract between the parties for broker's commissions of a specified percentage of the purchase price of a particular piece of real estate, (2) that plaintiff performed according to the contract, and (3) the amount paid by defendant for the described property. Since all of these items are deemed established by defendant's failure to timely file his answer or open the default, the exact amount of the commission due is ascertainable by simple mathematical calculation. The damages, therefore, are liquidated and the court did not err in entering the judgment. *Keith v. Byram,* 118 Ga. App. 364 (163 SE2d 753).

2. Under the provisions of Code Ann. § 81A-152,

appellant's contention that the trial court erred in entering a judgment without findings of fact and conclusions of law is without merit in that the judgment was entered upon the grant of a motion which merely confirmed that the case was in default.

3. Code Ann. § 81A-160 specifies the manner in which a judgment may be attacked. The means prescribed therein are exclusive. *Johnson v. Cook,* 130 Ga. App. 575 (203 SE2d 882). Defendant's motion, styled "Motion to Vacate," must be treated as a motion to set aside if it is to have any validity at all. Since no allegations of lack of jurisdiction have been made, defendant must base the attack on ". . . some nonamendable defect which does appear on the face of the record or pleadings." Code Ann. § 81A-160 (d). The record in this case reveals no such defect and there was no error in denial of defendant's motion to set aside.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 3, 1977.

*Gilbert & Blum, Fred A. Gilbert,* for appellant.
*Jones, Bird & Howell, Judson Graves, Dow N. Kirkpatrick, II,* for appellee.