## 55150. GALANTI v. EMERALD CITY RECORDS, INC.

WEBB, Judge.

Emerald City Records, Inc., brought an action for breach of an agreement to rent space against A. Robert Galanti seeking to recover damages in the amount of $975, being the difference between the rental rate contracted for with Galanti and that contracted for with a new tenant for the unexpired term of the lease ($500), the first month's rent which was not paid less a credit for leasehold improvements ($125), and the out of pocket expense of improvements made by Emerald City Records at Galanti's request. Galanti failed to appear when the case was called for a nonjury trial. The trial court entered an order granting Emerald City's motion to strike the defensive pleadings and granted default judgment against Galanti for $975. Galanti's pro se appeal is from the trial court's denial of his motion to vacate the judgment.

1. It is asserted on appeal that Code Ann. § 81A-155 (a) requires the plaintiff in an ex contractu action for unliquidated damages to prove the amount of his damages even where the defendant is in default, and that the trial judge erred in entering judgment without hearing any evidence as to the amount of damages. However, "A debt is liquidated when it is rendered certain what is due and how much is due. That certainty need not be contemporaneous with the agreement out of which it results." *Bartee v. Andrews,* 18 Ga. 407 (2) (1855); *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 183 (233 SE2d 39) (1977).

Here the complaint alleged (1) existence of a contract to lease specified space at $250 a month payable in advance; (2) that Galanti entered into possession and Emerald City Records made improvements in the amount of $350; (3) that Galanti in breach of the express terms of the lease moved out without notice or payment of any rent; (4) loss of $125 of December rent as adjusted for leasehold improvement credit; and (5) loss of rent of $500 due to Emerald City Records' inability to rent the space again immediately at the same rate as it was rented to

Galanti. Since all these items are deemed established by Galanti's failure to appear, and the striking of his response, the exact amount due is easily ascertainable by simple mathematical calculation, and the damages are liquidated. *Henry v. Adair Realty Co.,* 141 Ga. App. 182 (1), supra. Grant of the default judgment was therefore proper.

2. Galanti's argument that cases heard on contract where an issuable defense is filed require trial by jury unless waived is moot since the defensive pleadings were properly struck.

3. Galanti's final enumeration is likewise controlled adversely by the *Henry* case, wherein this court stated: "Under the provisions of Code Ann. § 81A-152, appellant's contention that the trial court erred in entering a judgment without findings of fact and conclusions of law is without merit in that the judgment was entered upon the grant of a motion which merely confirmed that the case was in default." *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 183–184 (2), supra. Here, as there, upon motion by plaintiff the trial court struck the defensive pleadings and entered default judgment for the plaintiff. Thus neither findings of fact nor conclusions of law were required.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 12, 1978 — DECIDED
FEBRUARY 8, 1978.

Robert Galanti, *pro se.*

*Katz, Weissman & Loftis, Donald A. Weissman,* for appellee.