62368. COPELAN v. O'DWYER et al.

McMURRAY, Presiding Judge.

Gerard F. O'Dwyer, individually and as agent for South Expressway Airport, Inc., and South Expressway Airport, Inc., brought this action seeking a judgment against W. A. Copelan in the amount of $7,898.23, plus interest and attorney fees. The sum sought by the plaintiffs consisted of $1,100 had and received by defendant from a third party which was to be repaid to plaintiffs. The remaining $6,798.23 arose from a settlement of several claims between the parties, an alleged agreement entered into on June 27, 1976, by and between Copelan and O'Dwyer for Copelan to pay same being attached to the petition.

Defendant failed to file any answer to plaintiffs' complaint alleging these facts and seeking judgment. Default judgment was entered in the amount sought in plaintiffs' complaint plus legal interest. Defendant made his motion to set aside the default judgment, contending that insofar as the action was predicated on the settlement of the claims between the parties damages were unliquidated as the amount of the debt could not be readily ascertained without reference to evidence outside the pleadings. No contest was therein made as to the $1,100. Defendant's motion to set aside was denied, and defendant appeals. *Held:*

"Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading." *H & R Block, Inc. v. Asher,* 231 Ga. 780, 781 (204 SE2d 99). The written instrument in question is an agreement between the parties providing that defendant repay to plaintiff O'Dwyer any monies drawn by defendant as an advance against commissions during a specified period ending on June 30, 1976. The amount of this sum drawn against commissions as of June 29, 1976, is identified as $6,798.23. The agreement further provides that the repayment was to be paid from commissions earned by defendant on the sale of aircraft at and for South Expressway Airport, Inc., on or after July 1, 1976; that the repayment was to be made at the rate of 20% of earned commissions and that repayment was to be "restricted to 20% of earned commissions."

Under the provisions of Code Ann. § 81A-155 (a) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) the plaintiff in an ex contractu action for unliquidated damages must prove the amount of his damages even where the defendant is in default. The debt is liquidated when it is rendered certain what is due and how much is due. *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 183 (1) (233 SE2d 39); *Bartee v. Andrews,* 18 Ga. 407, 410-411 (1855). The amount due under the agreement in the case sub judice is determined by simple mathematical calculations, that is, 20% of commissions earned. The agreement provides for the payment from defendant to plaintiff of 20% of commissions earned on or after July 1, 1976, up to a maximum of $6,798.23.

In view of defendant's default every item and paragraph of the complaint must be deemed proven as if they were supported by proper evidence. In *Bartee v. Andrews,* 18 Ga. 407, supra, defendant's defenses were stricken; nevertheless, the jury decided the amount due as a liquidated demand when it became certain "what was due" and the trial court charged the jury to also award interest on the amount the jury "should find to be due." The plaintiffs' complaint contains allegations as to the execution of the agreement upon which the action is predicated, a settlement agreement between the parties. However, the agreement itself which was attached and incorporated into the complaint and prevails over the allegations of the complaint provides that the amount of repayment to plaintiff O'Dwyer from defendant "shall be restricted" to the stated 20% of earned commissions. The complaint alleges the execution of the agreement and the failure of the defendant to make any payment thereon but fails to allege the existence of any earnings by defendant such as would render an amount due under the agreement. It is apparent that

the amount due under the terms of the agreement may not be determined without reference to evidence outside the pleadings. *Henry v. Adair Realty Co.,* 141 Ga. App. 182 (1), supra. Compare *Galanti v. Emerald City Records, Inc.,* 144 Ga. App. 773 (1) (242 SE2d 368). The amount of damages is thus unliquidated, although it could be made certain by evidence. The trial court erred in rendering judgment for the amount set forth in the prayers of plaintiffs' complaint. The case sub judice must be remanded for a determination by the trier of facts on the issue of the amount of damages with reference to the sum sought as to the settlement.

*Judgment reversed in part and affirmed in part. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Ronald J. Armstrong,* for appellant.
*C. Lawrence Thompson,* for appellees.