72593. HAZLETT & HANCOCK CONSTRUCTION COMPANY
v. VIRGIL WOMACK CONSTRUCTION COMPANY.
(351 SE2d 218)

BEASLEY, Judge.

General contractor Hazlett appealed from a default judgment in a suit against it and a subcontractor brought by Womack, the materials supplier for the project.

Count one of the suit alleged that $17,333.40 was due and unpaid under a contract; count two claimed the same sum on principles of quantum meruit and restitution based on defendants' unjust enrichment; count three sought damages for defendants' stubborn litigiousness and bad faith. Hazlett failed to respond within thirty days of service of process, OCGA § 9-11-12 (a), or to open the default by right within the fifteen-day grace period, OCGA § 9-11-55 (a). It moved to open the default under OCGA § 9-11-55 (b), claiming excusable neglect. The trial court denied the motion, finding that the defendant had failed to show providential cause, excusable neglect, or a proper case for opening the default, and it entered judgment on count one for (liquidated) damages of $17,333.40 plus costs and interest.

Hazlett then moved to set aside the judgment on several bases. One was that the judgment was entered *ex parte* and without a determination that there was no just reason for delay, citing OCGA § 9-11-54 (b). Another was that judgment against it should not be entered until the entire case was adjudicated. The final basis was that plaintiff had to prove its damages before it would be entitled to judgment. The court set aside the judgment for its own failure to expressly determine that delay was not warranted. Plaintiff then moved for, and the court entered, judgment for $17,333.40 plus interest and costs.

Hazlett filed another motion to set aside judgment, this time on the basis that it did not have notice of the court's entry of judgment and was therefore unable to file a timely notice of appeal. The court found lack of notice, again set judgment aside, and thereafter once more entered judgment for plaintiff on count one in the same sum, which it considered liquidated, plus interest and costs. The appeal arises from this last judgment.

1. Appellant argues that the trial court erred in entering judgment when the court had "previously granted its motion to set aside." Its theory is that the motion raised a number of grounds besides the OCGA § 9-11-54 (b) one, which the court expressly based its order on, and therefore that all of its arguments, specifically its claim that judgment must await the outcome of the trial as to the other defendant, "must be deemed to have been accepted by the trial court and consented to by the plaintiff when the plaintiff did not contest entry of the court's order."

Appellant does not attempt to support this fallacious argument

with any authority whatsoever. Therefore, it is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Melton v. Gilleland & Sons*, 176 Ga. App. 390 (1) (336 SE2d 315) (1985). We note, however, that we know of no support for the novel proposition that when the trial court grants a motion and respondent does not further contest the adverse ruling, the court is presumed to have implicitly accepted *all* of movant's grounds and respondent is presumed to have acquiesced and is thereby estopped from further contesting them.

2. Appellant also contests the judgment without proof of damages first having been made by plaintiff. It argues that the damages remain unliquidated because the alleged contract, which would manifest the sum allegedly owed, was not attached to the complaint and only a conclusory allegation was made that a certain sum was due.

Count one alleged that plaintiff furnished materials and labor for the building, repair and improvement of certain apartment structures, that the two defendants contracted with plaintiff for such, that plaintiff fully performed and furnished materials and labor in the amount of $17,333.40, and that the defendants refused to pay it.

The procedural law provides that if a "case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, . . . as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages. . . ." OCGA § 9-11-55 (a).

From what plaintiff has presented, and considering the default, can we say that the amount is liquidated, as the trial court had to conclude in order to enter judgment?

Perhaps the most concise statement on the subject is found in *Anderson v. State of Ga.*, 2 Ga. 370, 374 (4) (1847): "We understand by liquidation, an amount certain and fixed, either by *the act* and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing; and that the term does not necessarily refer to a *writing*: an *open account* is the reverse of this." (Emphasis in original.) For general discussion of the distinction between liquidated and unliquidated damages, see Cobb & Eldridge, Ga. Law of Damages (2nd ed.), § 5-1, and 8 EGL, Damages, § 9.

One type of liquidated claim would be a suit "upon an account for a stated balance" which, when "no defense having been filed and the case having been marked in default, the correctness of the balance sued for by the plaintiff became established and fixed without the necessity of proof thereof by the plaintiff, . . ." *Davies v. Turner*, 61 Ga. App. 531, 534 (6 SE2d 356) (1939). *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506, 508 (7) (305 SE2d 14) (1983)

also involves a "complaint which alleged an account stated in an amount certain," so that it was liquidated and not requiring evidence of damages. But Womack's is not such a suit, or at least it does not allege as much.

Another type of liquidated damages, so that plaintiff does not have to prove the amount of damages when defendant is in default in the lawsuit, is that exemplified by *Pittard Machinery Co. v. Eisele Corp.*, 166 Ga. App. 324 (1) (304 SE2d 129) (1983). That was a suit "*ex contractu*, seeking recovery of the sale price of certain machinery. The price was both alleged in the complaint and shown by copies of an invoice and an 'acknowledgement of order' which were attached as exhibits to the complaint." The court held: "Since both the fact of the sale and the price of the machinery were deemed admitted by the failure to file a timely answer or to open the default, the court did not err in treating the damages as liquidated." We do not have here this pre-suit fixing of the price.

"[C]ases in default involving suits on unconditional contracts in writing and actions on account" were considered liquidated in *Williams v. Linn*, 108 Ga. App. 629, 631 (1) (133 SE2d 892) (1963), so that the amount of damages would not have to be tried for the reason that defendant was deemed to have admitted the indebtedness, which in essence was established before suit was filed. In *Keith v. Byram*, 118 Ga. App. 364 (163 SE2d 753) (1968), a suit for a real estate commission under an exclusive listing agreement, the court concluded that it was liquidated because from the face of the pleadings, the amount was ascertainable as "a matter of exact computation under the terms of the listing agreement," which was attached or recited.

Here we have no such tool with which to measure the amount of the damages. Not do we have the allegations of fact which, because they are not denied, allow the court to ensure the amount of damages, as in the real estate commission case of *Henry v. Adair Realty Co.*, 141 Ga. App. 182, 183 (1) (233 SE2d 39) (1977). There the plaintiff set up in the complaint: "(1) existence of a contract between the parties for broker's commissions of a specified percentage of the purchase price of a particular piece of real estate, (2) that plaintiff performed according to the contract, and (3) the amount paid by defendant for the described property." The court ruled that the damages were liquidated "[s]ince all of these items are deemed established by defendant's failure to timely file his answer or open the default, the exact amount of the commission due is ascertainable by simple mathematical calculation."

"The debt is liquidated when it is rendered certain what is due and how much is due." *Copelan v. O'Dwyer*, 159 Ga. App. 750 (285 SE2d 216) (1981). Since we cannot be certain of the amount due under the terms of the agreement "without reference to evidence

outside the pleadings," *Copelan*, supra at 752, the amount is unliquidated and must be established. Although the debt may in fact be "clear, certain, manifest and ascertained," 8 EGL, Damages, § 9, the pleadings do not show it, and so for the purposes of default judgment, must be considered unliquidated.

The court below having erred in this regard, the remaining enumeration is moot, and the motion for frivolous appeal penalty is denied.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 5, 1986 —
REHEARING DENIED NOVEMBER 21, 1986 —

*Steve J. Davis, Penn Payne*, for appellant.
*J. Michael Treadaway*, for appellee.