A99A0486. T.A.I. COMPUTER, INC. v. CLN ENTERPRISES, INC.
(516 SE2d 340)

BLACKBURN, Presiding Judge.

T.A.I. Computer, Inc. appeals from the trial court's denial of its motion to set aside the default judgment entered in favor of CLN Enterprises, Inc. and its motion for new trial. T.A.I. Computer contends the trial court erred by: (1) awarding damages without holding a hearing in violation of OCGA § 9-11-55 (a) because the alleged damages were unliquidated; (2) refusing to set aside the judgment although T.A.I. Computer was wrongly named as defendant; (3) granting default judgment when T.A.I. Computer lacked notice; and (4) granting default judgment although CLN Enterprises did not comply with Uniform Superior Court Rule 15. For the reasons discussed below, we reverse in part, affirm in part and remand the case to the trial court.

CLN Enterprises is a computer company which purchased computer products from T.A.I. Computer, a computer products distributor. On November 18, 1997, CLN Enterprises filed suit against T.A.I. Computer asserting counts in conversion, quantum meruit, and bad faith. CLN Enterprises alleged that T.A.I. Computer failed to refund the $20,287.30 it had paid for returned items. T.A.I. Computer failed to answer the suit, and on February 2, 1998 CLN Enterprises moved for the entry of default judgment. Attached to the motion was an affidavit in support of CLN Enterprises' claim for attorney fees.

The trial court determined that the damages were liquidated and entered judgment against T.A.I. Computer in the amount of $23,977.37, which included the principal sum, pre-judgment interest, costs and attorney fees. T.A.I. Computer filed motions to set aside the judgment, to open default, and for a new trial. The trial court denied the motions. "A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion." *Kent v. State Farm Mut. Auto. Ins. Co.*, 233 Ga. App. 564, 566 (2) (504 SE2d 710) (1998).

1. (a) T.A.I. Computer contends the trial court erred in holding the damages were liquidated and in entering judgment against it for damages without a trial and proof of damages.

> If [a] case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in

chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence . . . unless the action . . . involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages.

OCGA § 9-11-55 (a).
Damages are liquidated when they are

an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing; and that the term does not necessarily refer to a writing: an open account is the reverse of this.

(Punctuation omitted.) *Sellers v. Nodvin*, 207 Ga. App. 742, 746 (3) (429 SE2d 138) (1993). On a motion for default judgment, the amount of damages must be ascertainable from the pleadings. *Hazlett &c. Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26 (2) (351 SE2d 218) (1986); *Sellers*, supra.

Here, the complaint alleged that CLN Enterprises had purchased computer equipment from T.A.I. Computer, that CLN Enterprises returned the equipment, that T.A.I. Computer wrongfully failed to refund the purchase price, and that the amount to be refunded totaled $20,287.30. However, the invoices or agreements from which the amount of damage was derived were not attached to the complaint and incorporated therein. Thus CLN Enterprises did not establish with certainty the amount of the obligation as the law requires. See *Hazlett &c. Constr. Co.*, supra. Compare *Henry v. Adair Realty Co.*, 141 Ga. App. 182, 183 (1) (233 SE2d 39) (1977) (damages were liquidated where the complaint alleged facts from which damages could be determined by simple mathematical calculation). Consequently, the damages are unliquidated for the purposes of OCGA § 9-11-55 (a).

The fact of the default alone did not convert the damages into a liquidated claim. The conclusory allegations of the amount owed were not sufficient to render the damages liquidated. Otherwise every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default, and the Code section's provision for trial as to damages involving unliquidated amounts in contract cases would rarely if ever occur.

Accordingly, the trial court's determination that the damages alleged were liquidated was erroneous.

(Citations and punctuation omitted.) *Sellers*, supra at 746-747. This case must be remanded for a determination of the amount of damages by the trial court.

(b) T.A.I. Computer also contends the trial court erred by awarding attorney fees based solely on the affidavit of the attorney for CLN Enterprises. As the issue may be raised on remand, we want to make clear that on default judgment an award of attorney fees which is based solely on an affidavit is not necessarily erroneous, so long as the affidavit meets the requisite level of proof. See *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 668 (2) (476 SE2d 43) (1996). Here, counsel had the requisite personal knowledge to testify to the hours he personally worked and the rate he charged. However, the testimony regarding the tasks performed lacks sufficient particularity. "While a factfinder may find [counsel's] affidavit sufficiently detailed to justify an award, the court recommends that, upon remand, counsel append billing and other business records to support the claims for services rendered." *Oden*, supra at 669.

2. T.A.I. Computer contends that the trial court erred in failing to grant its motion to set aside the judgment pursuant to OCGA § 9-11-60 (d) (2). "A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." T.A.I. Computer asserts it was mistakenly or fraudulently named as a defendant in the action and a sister corporation, Trans America International Corporation, is the company with whom CLN Enterprises did business.

"Relief under OCGA § 9-11-60 (d) (2) may be granted only where the grounds are unmixed with the negligence or fault of the movant." (Punctuation omitted.) *Gatefield Corp. v. Gwinnett County*, 234 Ga. App. 621, 622 (1) (507 SE2d 164) (1998). There is no evidence that the judgment was obtained through "[f]raud, accident, or mistake or the acts of [CLN Enterprises]." OCGA § 9-11-60 (d) (2). The judgment against T.A.I. Computer was entered because T.A.I. Computer negligently allowed the case to go into default. The essence of the mistake raised by T.A.I. Computer is that it was unable to refute the allegations of the complaint. See OCGA § 9-11-55 (a). If T.A.I. Computer had answered the complaint, it could have raised this defense. The trial court did not abuse its discretion in finding that this "mistake" was not sufficient to support setting aside the judgment with regard to T.A.I. Computer's liability.

3. T.A.I. Computer contends that the trial court erred by granting default judgment, asserting that it was not served with a copy of

the motion for default judgment in violation of Uniform Superior Court Rules 6 and 4.1. It is well settled that "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action." OCGA § 9-11-5 (a). Since T.A.I. Computer failed to answer the complaint, it waived any notice of further action in the case. *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 654 (1) (402 SE2d 753) (1991). The trial court did not err.

4. T.A.I. Computer contends that the trial court erred by granting default judgment, asserting that CLN Enterprises failed to comply with Uniform Superior Court Rule 15. Rule 15 requires

> [t]he party seeking entry of a default judgment in any action shall certify to the court the date and type of service effected as shown by court records and that there has been no defensive pleading from the party against whom the judgment is sought. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature.

The record shows that CLN Enterprises did, in fact, file a certificate in compliance with Rule 15; therefore, this argument is without merit. The trial court did not err.

*Judgment affirmed in part, reversed in part, and remanded. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 13, 1999.

*Mark P. Groves*, for appellant.
*Isenberg & Hewitt, Melvin L. Hewitt, Jr.*, for appellee.