A01A0722. CARTER et al. v. RAVENWOOD DEVELOPMENT COMPANY.
(549 SE2d 402)

PHIPPS, Judge.

Sheila Carter and Samuel Evans appeal from a default judgment entered against them after they failed to comply with an order compelling discovery. They contend that the trial court erred by denying their motion to open default and by denying them a trial on the issue of damages. We agree with the second contention but not the first. Therefore, we affirm in part and reverse in part.

Ravenwood Development Company sued Carter for breach of a contract to build a house, alleging that Carter caused cost overruns and project delays, cancelled a draw line on a construction loan, and prohibited Ravenwood from completing construction. Carter filed an answer denying the allegations of the complaint, and she and her husband, Evans,[1] filed a counterclaim alleging that Ravenwood breached the contract in various ways.

On September 26, 1996, Ravenwood served Carter and Evans with interrogatories and requests for production of documents. Carter and Evans did not respond to the requests. On July 25, 1997, Ravenwood's attorney sent letters to Carter and Evans via certified mail requesting responses. The record contains no reply to these letters by Carter or Evans.

On September 15, 1997, Ravenwood filed a motion to compel discovery. Carter and Evans did not respond to the motion. On January 14, 1998, the trial court granted the motion and required Carter and Evans to respond to Ravenwood's discovery requests within 15 days. The order also stated that "[i]n the event that [Carter and Evans] fail to respond as directed they will be subject to severe sanctions, including an order striking their responsive pleadings and dismissing their claims against [Ravenwood]."

---

[1] The trial court granted Carter's motion to add Evans as a plaintiff in the counterclaim.

On February 25, 1998, Ravenwood filed a "Motion to Enforce Order and for Sanctions," alleging that Carter and Evans still had not responded to its discovery requests. Carter and Evans did not respond to the motion. On February 28, 1998, the court granted the motion and struck all responsive pleadings of Carter and Evans, including the counterclaim. The order stated that the case would be set for trial on the exclusive issue of Ravenwood's damages.

On October 5, 1999, Ravenwood filed a "Stipulation for Trial as to Damages," requesting that the case be placed on a trial calendar. That apparently was done. On November 29, 1999, however, Carter and Evans filed a motion for continuance on the ground that they had not received notice of the calendar call. The trial court granted their motion.

The case was called for trial on March 23, 2000. Ravenwood moved for judgment on the pleadings for the damages demanded in the complaint.[2] Ravenwood did not present any evidence of damages.

On April 6, 2000, Carter and Evans filed a motion to open default on the ground of excusable neglect. They claimed that they were unable to respond to discovery because Evans was totally disabled due to post-traumatic stress disorder and prostate cancer and Carter was busy caring for him and their children and working full-time.[3] On April 14, 2000, the trial court entered final judgment against Carter and Evans for $39,813.32, the amount sought in the complaint. On April 18, 2000, the trial court issued an order denying without explanation Carter and Evans's motion to open default.

1. Under OCGA § 9-11-55 (b), the trial court may open a default at any time before final judgment on any one of three grounds, including excusable neglect.[4]

> "Excusable neglect" does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer. It has been defined as that neglect which might have been the act of a reasonably prudent person under the same circumstances. . . . Excusable neglect can be determined not by any fixed rule, but rather by the circumstances of each individual case. This determination is within the

---

[2] This motion is not in the appellate record, but is mentioned in the trial court's April 14, 1998 order.

[3] Carter and Evans submitted letters from health professionals documenting Evans's condition.

[4] Because Carter and Evans filed their motion to open default before the entry of final judgment, the requirements of OCGA § 9-11-55 (b) apply, rather than the stricter provisions of OCGA § 9-11-60.

sound discretion of the trial court, and will not be disturbed by the appellate court absent abuse of discretion.[5]

Here, the trial court struck Carter and Evans's responsive pleadings — thereby effectively entering a default — only after they failed to answer discovery requests, failed to respond to a letter from opposing counsel demanding answers, failed to respond to a motion to compel discovery, failed to comply with an order compelling discovery and warning that their pleadings could be struck, and failed to respond to a motion for sanctions. More than 16 months passed between Ravenwood's service of discovery requests on Carter and Evans and the trial court's order striking their responsive pleadings. During this period, Carter and Evans did not answer the discovery requests, provide an excuse for failing to do so, or otherwise participate in the litigation. After their pleadings were struck, they waited an additional 25 months before moving to open the default. Although they then provided evidence that Evans suffers from a disability and Carter is preoccupied with his care, the trial court was entitled to conclude that these circumstances did not excuse such a lengthy period of inattention to the litigation. The trial court did not abuse its discretion in rejecting their claim of excusable neglect.

2. Under OCGA § 9-11-55 (a), if a case is still in default after 15 days, "the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, . . . as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, *unless the action . . . involves unliquidated damages. . . .*" (Emphasis supplied.)

Damages are liquidated when they are "an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing."[6] To be considered liquidated, the amount of damages must be ascertainable from the pleadings.[7] The fact of default, alone, does not render damages "liquidated" for purposes of OCGA § 9-11-55 (a).[8] Otherwise, "every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default, and the Code section's provision for trial as to damages involving unliquidated amounts in contract cases would rarely if ever occur. [Cit.]"[9]

---

[5] (Citations and punctuation omitted.) *Smithson v. Harry Norman, Inc.*, 192 Ga. App. 796, 797 (3) (386 SE2d 546) (1989).

[6] (Punctuation omitted.) *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 647 (1) (a) (516 SE2d 340) (1999).

[7] Id.

[8] *Sellers v. Nodvin*, 207 Ga. App. 742, 746 (3) (429 SE2d 138) (1993).

[9] Id. at 747 (3).

Here, the complaint sought damages of $39,813.32. This amount included (1) $13,218.59 that Ravenwood allegedly had advanced to Carter for "lumber and supplies"; (2) $24,600 for Ravenwood's "fee for constructing the house . . . that was to be paid at closing"; and (3) $1,994.73 for the services of four subcontractors. The complaint did not attach copies of any invoices or other documents evidencing the amounts allegedly due, nor did it attach copies of the parties' agreement. Several other pleadings in the record, however, do attach the agreement.

That agreement called for Carter to pay Ravenwood $107,000 with the proceeds of a loan she would obtain. The parties later entered into a "Letter of Understanding" that reduced the price to $101,650 "or the amount settled at the closing of the permanent loan," and provided that Ravenwood would pay Carter $8,100 for "improvements already made." The figures contained in these agreements bear no obvious relationship to the amounts sought in the complaint. Moreover, nothing in the agreements gave the trial court a tool with which to calculate the damages without referring to evidence outside the pleadings.[10] Ravenwood's conclusory allegations of the amount owed did not make the damages liquidated for the purpose of OCGA § 9-11-55 (a).[11] Accordingly, the trial court's determination that the damages were liquidated was clearly erroneous.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 14, 2001.

Sheila M. Carter, *pro se.*
Samuel C. Evans, *pro se.*
Kenneth M. Sissel, for appellee.

---

[10] See *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 27-28 (2) (351 SE2d 218) (1986) (default judgment was improperly entered in case alleging breach of construction contract where, although complaint alleged specific sum, it was impossible to ascertain amount due without reference to extrinsic evidence).

[11] See *Sellers*, supra at 746-747.