**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 7, 2023**

# In the Court of Appeals of Georgia

A22A1319. REDAN SHOPS, LLC v. FSFP ATLANTA, LLC d/b/a
 FRANKLIN STREET REAL ESTATE SERVICES.

HODGES, Judge.

Redan Shops, LLC appeals from the trial court's denial of its motion to set aside the default judgment entered in favor of FSFP Atlanta, LLC d/b/a Franklin Street Real Estate Services ("Franklin Street"). Redan contends that the damages and attorney fees awarded in the default judgment were unliquidated. The company argues that the trial court's failure to hold a hearing and the resulting failure to prove damages presents a nonamendable defect on the face of the record pursuant to OCGA § 9-11-60 (d) (3). For this reason, Redan argues, the trial court erred in not granting its motion to set aside. We affirm in part and reverse in part.

"We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion." (Citations and punctuation omitted.) *Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011). We will affirm the trial court's ruling "if there is any evidence to support it. . . . We review questions of law de novo." *Delta Aliraq, Inc. v. Arcturus Intl., LLC*, 345 Ga. App. 778, 779 (815 SE2d 129) (2018).

The record before us shows that Franklin Street sued Redan for breach of contract, foreclosure of a real estate broker's lien, and reasonable attorney fees pursuant to OCGA § 44-14-602 (k). The verified complaint alleged that Franklin Street, a licensed commercial real estate brokerage, had entered into a valid and binding Commission Agreement with Redan, the owner of commercial property in Stone Mountain, Ga.; that Franklin Street had procured a tenant that leased space in Redan's property; but that Redan had failed to pay Franklin Street's commission.

The Commission Agreement between Redan and Franklin Street was attached to and incorporated into the complaint. The lease agreement between Redan and the tenant was not attached, although the complaint recited some language from it.

Under the Commission Agreement, Redan agreed to pay Franklin Street $4.00 per square foot for property that Dollar Tree – the tenant procured by Franklin Street

2

– leased from Redan. The complaint averred that a lease agreement for 10,125 square feet was executed in June 2018. The Commission Agreement provided that Redan was to pay Franklin Street half its commission within 30 days of lease execution, and the other half within 30 days of the tenant taking possession of the property. According to the complaint, however, Redan did not pay either installment, and as a result of this breach, Redan owed Franklin Street a $40,500.00 real estate commission (10,125 square feet multiplied by $4.00 per square foot).[1] The complaint further averred that, as provided in the Commission Agreement, Franklin Street was entitled to interest on any delinquent amount at the rate of 1.50 percent per month and to "a reasonable attorney fee and all expenses" incurred if Franklin Street had to hire an attorney to collect the amount due.

Redan was served with the complaint, but admits in judicio in its appellate brief that it failed to file a valid, timely answer.[2] Franklin Street moved for a default judgment, which the trial court granted, finding that Redan had failed to file either a

---

[1] Franklin Street also attached to the complaint a Notice of Commercial Broker's Lien for $20,250.00, which was the first installment due under the Commission Agreement.

[2] Redan, acting pro se, filed an untimely answer. Only licensed attorneys may represent corporations or limited liability companies before courts of record. *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713-714 (3) (627 SE2d 426) (2006).

timely answer or to move to open the default as of right. It awarded to Franklin Street the unpaid broker's commission of $40,500.00; interest of $10,935.00, with interest continuing to accrue until paid; and attorney fees of $16,038.20. Redan filed pro se notices of appeal[3] which were dismissed for failure to pay costs. Redan then secured an attorney, who moved to set aside the default judgment pursuant to OCGA § 9-11-60 (d) (3). The trial court denied this motion, and we granted Redan's application for discretionary appeal.

OCGA § 9-11-60 (d) (3) provides that a motion to set aside a judgment may be brought based upon "[a] nonamendable defect which appears upon the face of the record or pleadings." The failure to prove damages may constitute a nonamendable defect within the meaning of OCGA § 9-11-60 (d) (3). *GMC Group, Inc. v. Harsco Corp.*, 304 Ga. App. 182, 183 (2); accord *Delta Aliraq, Inc.*, 345 Ga. App. at 782 (2) (affirming grant of motion to set aside default judgment under OCGA § 9-11-60 (d) (3) where there was "no evidence" that plaintiff was entitled to specific dollar amount

---

[3] See *Winzer*, 277 Ga. App. at 713-714 (3).

claimed or that the particular defendant was liable in that amount because "[o]n the facts of this case, the absence of such evidence constitutes a nonamendable defect").[4]

1. Redan contends that because the lease agreement was not made part of the pleadings, Franklin Street cannot prove how many square feet were rented and thus cannot prove any evidentiary means of calculating damages under the Commission Agreement. The Commission Agreement provides for a commission of $4.00 per square foot but does not address the number of square feet rented. As a result, Redan argues, the damages were unliquidated, the trial court's failed to hold a damages

---

[4] Franklin Street argues that despite case law saying the failure to prove damages may amount to a nonamendable defect, a party must actually show that no claim existed in order to prove a nonamendable defect, and that it has shown a claim exists. Franklin Street points to *Barnes v. Williams*, 265 Ga. 834, 835 (1) (462 SE2d 612) (1995) and *Oxmoor Portfolio, LLC v. Flooring & Tile Superstore of Conyers, Inc.*, 320 Ga. App. 640, 644 (2) (740 SE2d 363) (2013), which provide that under [OCGA § 9–11–60(d)(3), the pleadings must show that "no claim" exists. As this Court explained in *Smyrna Marine, Inc. v. Stocks*, 172 Ga. App. 426 (323 SE2d 286) (1984), however, "[i]n construing [the] language [in OCGA § 9-11-60 (d)], both this [C]ourt and the Supreme Court have tended to disregard the proviso that the pleadings must affirmatively show that no claim in fact existed." Id. (collecting cases). Thus, as our Supreme Court has also determined more generally, if "the record shows on its face that the default was entered on an improper basis, there is a nonamendable defect on the face of the record." *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006) (finding an "improper basis, amounting to a nonamendable defect on the face of the record" where trial court entered default judgment, and denied motion to set aside under OCGA § 9-11-60 (d) (3), because a party had not answered an amended complaint where no such answer was required).

5

hearing and Franklin Street's resulting failure to prove damages, amounts to a nonamendable defect on the face of the record. For these reasons, Redan argues, and the trial court erred in failing to set aside the default judgment on this ground. We disagree.

Redan points to OCGA § 9-11-55 (a), arguing that because the damages were unliquidated, Franklin Street was not entitled to a default judgment. OCGA § 9-11-55 (a) provides, in pertinent part, that if a case remains in default after the expiration of the 15-day grace period in which a default may be opened as of right, the plaintiff is entitled to a default judgment, as occurred here,

> as if every item and paragraph of the complaint . . . were supported by proper evidence, without the intervention of a jury, *unless the action . . . involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages*[.]

(Emphasis supplied.)

"A debt is liquidated when it is rendered certain what is due and how much is due. That certainty need not be contemporaneous with the agreement out of which it results." (Citation and punctuation omitted.) *Henry v. Adair Realty Co.*, 141 Ga. App.

6

182, 183 (1) (233 SE2d 39) (1977). Here, as outlined above, the complaint alleged the existence of both the Commission Agreement, which was attached to and made part of the complaint, and the existence of the lease agreement between Redan and its tenant, which was not made part of the pleadings. The complaint alleged, and the Commission Agreement provided, that Franklin Street and Redan entered into a contract by executing the Commission Agreement under which Redan was to pay Franklin Street $4.00 per square foot of space rented. The complaint provided that Franklin Street performed pursuant to the terms of the Commission Agreement by providing a tenant, that Redan and the tenant executed a lease, that the lease was for 10,125 square feet, that Redan thus owed a commission of $40,500.00; and that Redan breached the Commission Agreement by failing to pay the commission. Attached to and incorporated into the complaint, in addition to the Commission Agreement, was a legal description of the property.

It is true that "the plaintiff in an ex contractu action for unliquidated damages must prove the amount of his damages even where the defendant is in default." *Copelan v. O'Dwyer*, 159 Ga. App. 750, 751 (285 SE2d 216) (1981).

> A bare allegation that an amount certain is due and owing, for example,
> under a contract or invoice for goods or services is insufficient to render

7

the damages liquidated for purposes of default. For the trial court to conclude upon default that damages are liquidated and dispense with an evidentiary hearing on damages, *the plaintiff must have alleged facts sufficient to show how the amount of damages claimed was calculated*, or the plaintiff must attach to his complaint the relevant contract, invoices, or other documents demonstrating that the plaintiff is due the amount claimed. Put another way, both the amount of the damages and that the amount is fixed and certain must be ascertainable from the complaint and the documents attached to it, and not merely by reference to allegations of bare conclusions. The mere fact that a defendant defaulted upon a complaint specifying damages in an amount certain does not make the damages liquidated.

(Citation and punctuation omitted; emphasis supplied.) *Stewart Ausband Enterprises, Inc. v. Holden*, 349 Ga. App. 295, 298-299 (1) (a) (826 SE2d 138) (2019).

Here, Franklin Street's complaint provides more than mere conclusory allegations. See *GMC Group, Inc.*, 304 Ga. App. at 183 (1) ("Mere conclusory allegations of the amount owed are insufficient to render the damages liquidated; otherwise every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default." (Citation and punctuation omitted.) This is true even though the lease agreement between Redan and its tenant was not made part of the complaint. We have held, for example, that

8

even where a contract is alleged but "*the record contains no written contract between the parties*[, where the] complaint alleges that defendants contracted, in addition to paying for [an attorney's] services, to pay him 1.5 percent per month interest[,] [b]ecause defendants' answer was stricken, this contractual provision is deemed admitted, as if supported by proper evidence." (Emphasis supplied.) *Sellers v. Nodvin*, 207 Ga. App. 742, 747 (4) (429 SE2d 138) (1993); accord *Galanti v. Emerald City Records, Inc.*, 144 Ga. App. 773 (1) (242 SE2d 368) (1978) (where the complaint alleged the "*existence* of a contract" to lease space at a particular rate, that defendant breached the contract, and the amount of money the landlord lost, "these items are deemed established by Galanti's failure to appear and the striking of his response[;]" thus, the damages are liquidated) (emphasis supplied); see also *Keith v. Byram*, 118 Ga. App. 364, 364-365 (163 SE2d 753) (1968) (finding, in appeal from motion to set aside, that damages were liquidated in a dispute over a real estate commission where the complaint included, "in addition to the listing agreement" which was attached or recited, the real estate agent's commission rates if a purchaser exercised an option to buy, also alleged "*the existence* of an option contract" showing that the purchaser actually had exercised the option) (emphasis supplied). Here, Franklin Street's complaint alleged the existence and execution of a lease between Redan and its

9

tenant, recited some language from that lease, and alleged that 10,125 square feet were leased. Because of Redan's default, "this contractual provision is deemed admitted, as if supported by proper evidence." *Sellers*, 207 Ga. App. at 747 (4).

The cases Redan cites in opposition are distinguishable because, unlike in the instant case, the allegations were conclusory, wholly unsupported, and in some cases, contradictory. See *GMC Group, Inc.*, 304 Ga. App. at 183 (1) (damages unliquidated where attached contract was illegible, did not state what was rented, and did not include payment amounts); *Carter v. Ravenwood Dev. Co.*, 249 Ga. App. 603, 605 (2) (549 SE2d 402) (2001) (damages unliquidated where complaint listed amounts due but attached no agreement or invoices; where the agreement did, in fact, appear elsewhere in the record but bore "no obvious relationship to the amounts sought in the complaint"); *T. A. I. Computer, Inc. v. CLN Enterprises, Inc.*, 237 Ga. App. 646, 647-648 (1) (a) (516 SE2d 340) (1999) (damages unliquidated where complaint alleged that plaintiff purchased computer equipment and then returned it but defendant refused to refund specific amount claimed, where no agreements or invoices were attached that would permit mathematical calculation of amount due or show that parties agreed to a refund); see generally *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26-27 (2) (351 SE2d 218) (1986)

10

(damages unliquidated where pleadings presented only a dollar amount allegedly owed, no contract was attached or recited, and there were no factual allegations which were deemed admitted because they were not denied) (351 SE2d 218) (1986).[5]

Given that the Commission Agreement incorporated into the pleadings provides that Franklin Street receive a commission of $4.00 per square foot; the complaint specifically pleads the existence and execution of a lease between Redan and the tenant for 10,125 square feet; and recites from the lease itself that Redan, as landlord, "'shall be responsible to pay any commissions related to this [l]ease pursuant to a separate agreement with [t]enant's broker,'" these allegations are not

---

[5] Redan additionally cites to *Pure Hospitality Solutions, Inc. v. Canouse*, 347 Ga. App. 592 (820 SE2d 434) (2018) – albeit without providing any specific page citations to support its point. In a cursory contention, Redan avers that Franklin Street's pleading contains a conflict, making damages unliquidated, because its complaint lists both a specific amount Redan failed to pay – $40,500.00 – yet also seeks "not less than" $40,500.00. We find no material conflict. While this Court found damages to be unliquidated in *Pure Hospitality,* where the complaint claimed "not less than $68,000.00," id. at 596-597 (2) (a), this Court also considered numerous other conflicts and examples of conclusory argument in *Pure Hospitality*. These included a conflict between the amount claimed in the pleading and the amount indicated in an assignment of the promissory note; no factual support for an alleged "daily average" trading value of common stock needed to calculate damages; and a lack of clarity regarding whether a party was entitled to convert principal to common stock, where the conversion would have exceeded the amount owed. Id. *Pure Hospitality* found that these were "*material* conflicts in the pleading," concluding that "under *these circumstances*," damages were unliquidated. (Emphasis supplied.) Id. Redan points to no such material conflicts here.

11

conclusory.[6] "[T]he exact amount due is easily ascertainable by simple mathematical calculation, and the damages are liquidated." *Galanti*, 144 Ga. App. at 773; see *Roberson v. Gnann*, 235 Ga. App. 112, 116 (5) (508 SE2d 480) (1998) (finding that damages were liquidated where "*the complaint . . . averred* that Roberson was holding $2,725,000 belonging to the plaintiff and *that Roberson had entered into a 50 percent attorney fee contract* with his client" because the damages could be determined via mathematical calculation.) (emphasis supplied). Because these damages were liquidated and no nonamendable defect was present, the trial court's denial of the motion to set aside was not error.

2. Redan also argues that the $16,038.20 in attorney fees awarded in the default judgment were unliquidated. Absent a hearing, Redan contends, Franklin Street's failure to prove damages amounted to a nonamendable defect, and as a result, the trial court erred in denying its motion to set aside the default judgment on this ground. We agree.

The Commission Agreement incorporated into the complaint provided that Redan pay "reasonable attorney fee[s] and all expenses" incurred by Franklin Street's

---

[6] Redan raises no argument regarding the $10,935.00 in interest the trial court awarded as part of the default judgment, so we do not address it further.

12

attorney in connection with collecting delinquent amounts. It provided no methodology for calculating a "reasonable" fee. Franklin Street's complaint, without listing any amount due, sought attorney fees pursuant to OCGA § 44-14-602 (k), which provides that "[t]he costs and expenses of all proceedings brought under this part, including reasonable attorney's fees actually incurred, [and] costs . . . shall be born by the nonprevailing party or parties." Franklin Street attached to the complaint a sworn affidavit from its president, Kurt Keaton, averring that Redan owed Franklin Street "attorneys' fees of $16,038.20." Neither the pleadings nor the affidavit state whether the attorney fees claimed were incurred in Franklin Street's attempts to collect the debt from Redan, nor do they offer any factual information whatsoever – including the identity of the lawyer or lawyers doing the work, the billing rate, the number of hours billed, or the tasks performed.

It is true that "on default judgment an award of attorney fees which is based solely on an affidavit is not necessarily erroneous, so long as the affidavit meets the requisite level of proof." *T. A. I. Computer, Inc.*, 237 Ga. App. at 648 (b) (finding that although the attorney who provided the affidavit "had the requisite personal knowledge to testify as to the hours he personally worked and the rate he charged[,] . . . the testimony regarding the tasks performed lacks sufficient particularity.")

13

"[T]he conclusory allegation of the amount [of attorney fees] owed [was] not sufficient to render the damages liquidated and therefore recoverable without support in an evidentiary hearing." (Citation and punctuation omitted.) *Stewart Ausband Enterprises, Inc.*, 349 Ga. App. at 299 (2) (a); see also *Hazlett & Hancock Constr. Co.*, 181 Ga. App. at 27 (2) ("Since we cannot be certain of the amount due under the terms of the agreement without reference to evidence outside the pleadings, the amount is unliquidated and must be established. Although the debt may in fact be clear, certain, manifest and ascertained, the pleadings do not show it, and so for purposes of default judgment, must be considered unliquidated.") (citations and punctuation omitted). "Given the foregoing, [Redan] correctly contends that the trial court erred in denying its motion based on its failure to conduct a hearing on unliquidated damages. [Redan's] failure to prove its [attorney fees] damages constitutes a nonamendable defect within the meaning of OCGA § 9-11-60 (d) (3)." (Citation, punctuation, and footnote omitted.) *GMC Group, Inc.*, 304 Ga. App. at 183 (2); see *Shields*, 280 Ga. at 558 (2) (reversing denial of motion to set aside default judgment where a nonamendable defect was established, and directing trial court "upon the return of the remittitur to vacate the default judgment and, insofar as liability is concerned, return the case to the status quo ante").

14

In sum, we affirm the trial court's denial of the motion to set aside the judgment as to the damages and interest under the Commission Agreement, as discussed in Division 1, and we reverse the trial court's denial of the motion to set aside as to the attorney fees addressed in Division 2.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Barnes, P. J., and Brown, J., concur.*