A05A1623. BELLSOUTH ADVERTISING & PUBLISHING CORPORATION v. KINGDOM ADVENTURES, LLC.
(627 SE2d 125)

MILLER, Judge.

BellSouth Advertising & Publishing Corporation ("BellSouth") sued Kingdom Adventures, LLC, d/b/a Rescuecom ("Rescuecom") for breach of contract, quantum meruit, and on an open account theory, seeking $49,323.51 in damages as an account balance stated. Rescuecom failed to answer within 30 days of service and further failed to move to open its default by right within the 15-day grace period provided by OCGA § 9-11-55 (a). Following a hearing, the superior court entered default judgment for BellSouth as to liability but denied its request for damages. On appeal, BellSouth contends that the superior court erred in denying its request for damages and in failing to give it proper notice of the hearing. We conclude that the damages BellSouth sought, whether liquidated or unliquidated, were not proven as required under OCGA § 9-11-55 (a) and that there was no failure to give notice. For these reasons, we affirm.

1. By its claims, BellSouth averred $49,323.51 as an account balance stated that Rescuecom owed BellSouth under contracts for advertising services that BellSouth had provided and duly billed to Rescuecom.

OCGA § 9-11-55 (a) provides that in the event of a default, the plaintiff shall be entitled to a verdict and judgment as if every allegation of the complaint were supported by proper evidence

> without the intervention of a jury, unless the action is one [in tort] or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and estab-lish the amount of damages before the court without a jury,

with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages. . . . An action based upon open account shall not be considered one for unliquidated damages within the meaning of this Code section.

OCGA § 9-11-55 (a) thus defines an action on open account as one for liquidated damages. *Sellers v. Nodvin*, 207 Ga. App. 742, 746 (3) (429 SE2d 138) (1993). A second recognized claim for liquidated damages, as here, "would be a suit upon an account for a stated balance which, when no defense having been filed and the case having been marked in default, the correctness of the balance sued for by the plaintiff became established and fixed without the necessity of proof thereof by the plaintiff." (Citations and punctuation omitted.) *Hazlett &c. Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26 (2) (351 SE2d 218) (1986); *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506, 508 (7) (305 SE2d 14) (1983).

Notwithstanding the nature of the account, however, damages may not be deemed liquidated within the meaning of OCGA § 9-11-55 (a), unless "the amount of the damages is ascertainable from the pleadings." (Citation omitted.) *Sellers*, supra, 207 Ga. App. at 746 (3); *Hazlett*, supra, 181 Ga. App. at 27 (2). Here, we find that the damages were unliquidated because they were not subject to calculation. Specifically, by its complaint with attached contracts, BellSouth alleged a specific amount owing, but did not set forth the number of months for which it was owed payment under the contracts at issue, nor did it tender its statements totaling the amount of its damages.

In light of the foregoing, Rescuecom's default alone was insufficient to convert BellSouth's damages into a liquidated claim, and no liquidated claim arose based on the conclusory allegations of the amount owed. Were it the contrary, "every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default, and the Code section's provision for trial as to damages involving amounts in contract cases would rarely if ever occur." (Citations and punctuation omitted.) *Sellers*, supra, 207 Ga. App. at 747 (3). Consequently, the superior court's judgment denying BellSouth its requested damages as to all theories of recovery outlined in the complaint was proper.

2. BellSouth also contends that it was denied its constitutional right to due process due to a lack of notice of the trial court's hearing on unliquidated damages under OCGA § 9-11-55 (a). BellSouth argues that the trial court failed to provide it notice of a hearing on unliquidated damages under OCGA § 9-11-55 (a) since the trial court provided notice only of a hearing on its "motion for defaul[t] judgment" without being more specific. We disagree.

> The due process clause ... [does] not guarantee to the citizen of the State any particular form or method of State procedure. Its requirements are satisfied if he [or she] has reasonable notice and opportunity to be heard, and to present his [or her] claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. . . . Due process requires no more.

(Citations and punctuation omitted.) *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734, 739-740 (4) (a) (285 SE2d 913) (1982).

The record reveals that by its motion, BellSouth prayed first for default judgment as to "all" damages contained in its complaint, and, by the third prayer thereof, requested that a hearing regarding any damages the trial court viewed as unliquidated under OCGA § 9-11-55 (a) be scheduled at a later time. Approximately three weeks later, the trial court gave its notice on the motion, setting the matter down for hearing on March 1, 2005. Under these circumstances, we find that BellSouth moved for and received timely notice of a hearing upon *all* its damages, liquidated and unliquidated. Indeed, BellSouth's *request* that a hearing be scheduled for a later time did not *obligate* the trial court to postpone such a hearing. See *Aponte v. City of Columbus*, 246 Ga. App. 646, 650 (6) (540 SE2d 617) (2000) ("The grant or denial of a continuance is a matter within the discretion of the trial judge and unless . . . abused will not be interfered with."). Moreover, the fact that the notice for the hearing was silent as to BellSouth's request that any unliquidated damages be heard at a later hearing did not relieve BellSouth of its obligation to go forward with its proof of damages at the hearing scheduled by the trial court upon the denial of its motion for a continuance. We find that under the circumstances presented here, no due process violation for want of notice occurred, and the trial court did not abuse its discretion in refusing to continue the hearing to permit BellSouth to present its unliquidated damages evidence at a subsequent proceeding.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 6, 2006.

*Adorno & Yoss, Jeffrey W. Melcher, Kurt R. Hilbert*, for appellant. *Theron Boykin*, for appellee.