## A10A0446. GMC GROUP, INC. v. HARSCO CORPORATION.

(695 SE2d 702)

MILLER, Chief Judge.

GMC Group, Inc. appeals from the trial court's denial of its motion to set aside and open the default judgment entered in favor of Harsco Corporation. GMC contends that the trial court erred: (i) in finding that Harsco's complaint on account was for liquidated damages, (ii) in granting default judgment without conducting an evidentiary hearing on unliquidated damages, and (iii) in the event that an evidentiary hearing was conducted, the trial court erred in awarding Harsco damages because Harsco failed to introduce any evidence thereof and for the first time asserted new claims. Finding that Harsco's damages were unliquidated and that GMC is entitled to an evidentiary hearing thereon, we reverse.

Since this appeal involves questions of law concerning the nature of damages in GMC's complaint and the trial court's entry of default judgment for liquidated damages, this Court must review the record de novo and apply a "plain legal error" standard of review. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

In the underlying action, Harsco alleged that GMC rented certain equipment from Harsco but failed to pay for or return the same. Harsco's verified complaint sought $104,891.83 in damages, plus attorney fees. GMC failed to answer the complaint. After a hearing in which only Harsco was present and no evidence was received as to the manner damages were calculated, the trial court entered default judgment for Harsco in the amount of $104,891.83, plus $22,026.51 in prejudgment interest, $975.12 in attorney fees, and $130 in costs.[1] GMC thereafter moved to open default, revise or set aside judgment under OCGA § 9-11-60 (d),[2] arguing, among other things, that the trial court erred by entering default judgment without requiring Harsco to prove its damages because the complaint was for unliquidated damages. The trial court denied the motion, and this Court granted GMC's motion for discretionary review. The instant appeal followed.

1. GMC contends that the trial court erred in ruling that Harsco's complaint on account was for liquidated damages. We agree.

---

[1] The attorney fee award was based on an affidavit from Harsco's attorney which was included in his billing records.

[2] GMC also filed a direct appeal from the default judgment. GMC argued that the appeal was timely because, even though the judgment had been entered six months earlier, the civil case disposition form had been filed only recently. This Court dismissed the appeal, holding that the relevant date for determining the timeliness of an appeal is the date the judgment was entered, not the date the civil case disposition form was filed. *GMC Group v. Harsco Corp.*, 293 Ga. App. 707 (667 SE2d 916) (2008).

Liquidated damages are "an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by proof; it is so much or nothing." (Citation and punctuation omitted.) *Mitchell v. Gilwil Group, Inc.*, 261 Ga. App. 882, 885 (2) (583 SE2d 911) (2003). On a motion for default judgment, "the amount of damages must be ascertainable from the pleadings. [Cit.]" *T. A. I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 647 (1) (a) (516 SE2d 340) (1999). Mere conclusory allegations of the amount owed are insufficient to render the damages liquidated; "[o]therwise every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default." Id.

Here, Harsco alleged a specific damages amount in its verified complaint on account and attached a copy of the parties' rental contract. The contract, however, is nearly illegible and does not state what equipment was rented. Nor does it include the rental term or payment amounts. The rental rate is listed as "per quote," but no quote is attached. Moreover, the attached contract is between Harsco and "Laser-In Construction," not between Harsco and GMC. Thus, the contract provides no basis for ascertaining the amount of damages. Harsco also attached a nine-page statement for "MGC Group, Inc." which listed various charges incurred on multiple dates. The statement, therefore, neither clearly billed GMC nor billed GMC for specific rental or unreturned rental equipment. Under these circumstances, Harsco failed to show how it arrived at its damages figure and therefore "did not establish with certainty the amount of the obligation as the law requires." (Citation and punctuation omitted.) *Mitchell*, supra, 261 Ga. App. at 885 (2). Accordingly, the trial court erred in finding that Harsco's complaint on account was for liquidated damages. Id.; *T. A. I. Computer*, supra, 237 Ga. App. at 647 (1) (a).

2. Given the foregoing, GMC correctly contends that the trial court erred in denying its motion based on its failure to conduct a hearing on "unliquidated" damages. See *Hazlett &c. Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26-28 (2) (351 SE2d 218) (1986) (trial court's failure to require proof of damages when the record shows that the plaintiff's damages were not liquidated may constitute a nonamendable defect requiring the judgment to be set aside). Harsco's failure to prove its damages constitutes a non-amendable defect within the meaning of OCGA § 9-11-60 (d) (3).[3] If

---

[3] A final judgment may be set aside under OCGA § 9-11-60 (d) (3) based upon a nonamendable defect that appears on the face of the record or pleadings. *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983).

an action involves unliquidated damages, then the court may not enter a default judgment for the plaintiff unless the plaintiff introduces evidence and establishes the amount of damages. OCGA § 9-11-55 (a); see also *Bellsouth Advertising &c. Corp. v. Kingdom Adventures*, 277 Ga. App. 495, 495-496 (1) (627 SE2d 125) (2006); compare *Clements v. Trust Co. Bank of Middle Ga.*, 171 Ga. App. 600 (2) (320 SE2d 576) (1984).

3. Having decided that the trial court erred in failing to conduct an evidentiary hearing on unliquidated damages in this case, we need not reach Harsco's final claim of error.

*Judgment reversed. Phipps, P. J., and Johnson, J., concur.*

DECIDED MAY 25, 2010.

*David R. Martin*, for appellant.
*Shapiro Fussell, Edward A. Stone*, for appellee.