**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS, J., and SENIOR APPELLATE JUDGE BEASLEY**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 16, 2018**

# In the Court of Appeals of Georgia

A18A0672. DELTA ALIRAQ, INC. v. ARCTURUS INTERNATIONAL, LLC et al.

BEASLEY, Senior Appellate Judge.

Plaintiff Delta Aliraq, Inc. ("Delta") appeals the trial court's order granting the motion filed by defendants Arcturus International, LLC ("Arcturus") and Delta Alpha X-Ray, LLC ("DAX") to set aside a default judgment previously entered against the defendants. The trial court granted the motion on three independent grounds, each of which Delta challenges. We conclude that the trial court did not err when it aside the default judgment on grounds that it lacked personal jurisdiction over DAX and that Delta failed to prove damages as to Arcturus. We therefore affirm the trial court's judgment.

In 2015, Delta obtained a judgment against DAX and two other parties (neither of whom is a party to this action), jointly and severally, in the amount of $1,000,000, in a California court. In June 2016, Delta filed the instant complaint in Fulton County against Arcturus and DAX. In its complaint, Delta (i) sought to domesticate the California judgment against DAX and (ii) asserted a fraudulent conveyance claim against both defendants. In its fraudulent conveyance claim, Delta alleged that Arcturus had acquired real property in Roswell with funds supplied by DAX as part of a scheme to shelter DAX's assets from Delta. As relief, Delta asked the trial court, in relevant part, to enter the $1,000,000 California judgment against DAX as a judgment of the Fulton County trial court and to grant Delta a lien against the Roswell property in the amount of all sums allegedly transferred by DAX. In September 2016, Delta moved for a default judgment on the ground that neither defendant had filed a responsive pleading. Later that month, the trial court granted Delta's motion, entered a $1,000,000 judgment against DAX, and granted Delta a lien against Arcturus's property in Roswell "to secure [Delta]'s judgment lien."

In January 2017, Arcturus filed a motion to open default under OCGA § 9-11-55 (b).[1] The trial court denied the motion, and we subsequently denied Arcturus's application for discretionary appeal from that ruling. See *Arcturus Intl. LLC v. Delta Aliraq, Inc. et al.*, No. A17D0362 (Apr. 13, 2017).

In March 2017, the defendants moved to set aside the default judgment under OCGA § 9-11-60 (d) on multiple grounds. The trial court granted the defendants' motion, concluding that: (i) Delta had assigned to a third party its interest in the California judgment, as a result of which it lacked standing to bring the instant action; (ii) Delta failed to perfect service on DAX, as a result of which the trial court could not exercise personal jurisdiction over DAX in this action; and (iii) Delta failed to prove damages in the amount of the lien against Arcturus, which, the court found, constitutes a nonamendable defect on the face of the record. The trial court subsequently certified its order for immediate review, and we granted Delta's application for interlocutory appeal. See OCGA § 5-6-34 (b).

---

[1] Although styled as a "Motion to Set Aside Default Judgment," the arguments raised in Arcturus's January 2017 motion pertained only to opening default under OCGA § 9-11-55 (b), and not to setting aside a judgment under OCGA § 9-11-60 (d). See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature. . . .").

3

OCGA § 9-11-60 (d) authorizes a trial court to set aside its judgment on certain limited bases:

> (1) Lack of jurisdiction over the person or the subject matter;
>
> (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or
>
> (3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

"Default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible, cases should be decided on their merits, for default judgment is not favored in law." (Citation and punctuation omitted.) *Feazell v. Gregg*, 270 Ga. App. 651, 653 (1) (b) (607 SE2d 253) (2004). "We review a ruling on a motion to set aside for abuse of discretion and affirm if there is any evidence to support it. Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them." (Citations and punctuation omitted; emphasis in original.) *Vasile v. Addo*, 341 Ga. App. 236, 240 (2) (800 SE2d 1) (2017). We review questions of law de novo. Id.

4

1. Delta raises several challenges to the trial court's conclusion that it lacked personal jurisdiction over DAX due to deficient service of process. The trial court ruled that Delta's purported service on "a defunct registered agent [of DAX] in North Carolina," a "state unconnected to the nexus of the claims" in this action, was insufficient for the court to exercise personal jurisdiction over DAX. We affirm the trial court's ruling that Delta failed to properly serve DAX, although not for the explicit reason stated in the trial court's order.[2]

In its complaint, Delta alleged that DAX, a nonresident, is subject to the trial court's jurisdiction under OCGA § 9-10-91 – Georgia's long-arm statute – on grounds that DAX is a "joint tortfeasor" and possesses an interest in real estate in Fulton County. See OCGA § 9-10-91 (2), (4). Under OCGA § 9-10-94, a party subject to the jurisdiction of Georgia courts pursuant to OCGA § 9-10-91 "may be

---

[2] In a footnote, and without citation to either the record or legal authority, Delta briefly challenges the trial court's judgment to the effect that the court may have set aside the default judgment against Arcturus on the ground that the court lacked jurisdiction over DAX. Pretermitting whether the trial court made such a ruling, we deem Delta's claim on this issue abandoned. See Court of Appeals Rule 25 (c) (2); *Evans v. State*, 330 Ga. App. 241, 246 (5) (766 SE2d 821) (2014). Regardless, for the reasons discussed infra in Division 2, the trial court did not abuse its discretion when it set aside the default judgment as to Arcturus on the ground that Delta's failure to prove damages as to Arcturus constitutes a nonamendable defect on the face of the record.

served with a summons outside the state in the same manner as service is made within the state. . . ." Foreign limited liability companies, such as DAX, generally are governed by OCGA § 14-11-701 et seq. However, because the record appears to contain no indication that DAX is authorized to transact business in Georgia, none of the service provisions in OCGA § 14-11-701 et seq. apply. Service in this case thus is governed by the catchall provision in OCGA § 9-11-4 (e) (7), under which service may be made by delivering a copy of the summons attached to a copy of the complaint "to an agent authorized by appointment or by law to receive service of process."

Delta sought to establish service upon DAX by submitting a "Sheriff's Entry of Service" form dated July 20, 2016, identifying the name and address of the party to be served as:

Delta Alpha X-Ray LLC
Neighborhood Homes & Realty, Inc.
737 Chadwick Shores Drive
Sneads Ferry, NC 28460

The form includes several pre-printed options for identifying the manner of service, including "Personal" and "Corporation." Only the checkbox for "Personal" is marked. The entry for personal service includes the following pre-printed text: "I have this day

6

served the defendant _____ personally with a copy of the within action and summons." The name "William Treweek" is handwritten on the blank line provided for identifying the "defendant" upon whom "Personal" service was made. The service form contains no additional information identifying William Treweek.

Although DAX claims that Neighborhood Homes & Realty was its "previous registered agent in North Carolina," it identifies no record evidence supporting its inference that Neighborhood Homes & Realty no longer was authorized to accept service on its behalf in July 2016. The 2013 revocation of DAX's authority to transact business in North Carolina did not, standing alone, terminate the authority of DAX's registered agent in North Carolina. See N. C. Gen. Stat. § 57D-7-31 (e) ("Revocation of a foreign LLC's certificate of authority does not terminate the authority of the registered agent of the foreign LLC."); accord OCGA § 14-11-709 (e) ("Revocation of a foreign limited liability company's certificate of authority does not terminate the authority of the registered agent of the foreign limited liability company.").

Nevertheless, pretermitting whether Neighborhood Homes & Realty was authorized to accept service on DAX's behalf on July 20, 2016, the entry of service form contains no indication that the individual who was served – William Treweek – was authorized to accept service on behalf of either DAX or Neighborhood Homes

& Realty. On its face, the form identifies Treweek as an individual defendant, which undisputably is not the case. Under these circumstances, the form at best identifies Treweek as a person who was present at Neighborhood Homes & Realty's address on July 20, 2016. Absent some indication in the record that Treweek was an agent of either DAX or Neighborhood Homes & Realty, this is insufficient to show that service was perfected on DAX through Neighborhood Homes & Realty. See *Bowers v. Economation, Inc.*, 208 Ga. App. 661, 663 (431 SE2d 420) (1993) ("To perfect service, a copy of the complaint and summons must be delivered to a person whose position is such as to afford reasonable assurance that he will inform his principal that such process has been served upon him.") (citation and punctuation omitted); accord *Scott v. Atlanta Dairies Coop.*, 239 Ga. 721, 724 (2) (238 SE2d 340) (1977) (the object of service of process is to give notice of suit to the defendant). The trial court therefore did not abuse its discretion when it set aside the default judgment for lack of personal jurisdiction over DAX due to insufficient service of process. See *Rozier v. Berto*, 230 Ga. App. 427, 430 (496 SE2d 544) (1998) (this Court will affirm a trial court's ruling that is right for any reason).

8

2. Delta challenges the trial court's determination that it failed to prove damages as to Arcturus, which, the court found, constitutes a nonamendable defect on the face of the record. We discern no error.

To obtain a default judgment in an action sounding in tort, a plaintiff must introduce evidence establishing the amount of damages. See *BellSouth Advertising & Publishing Corp. v. Kingdom Adventures, LLC*, 277 Ga. App. 495, 495 (1) (627 SE2d 125) (2006) (citing OCGA § 9-11-55 (a)); accord *Taylor v. Stapp*, 134 Ga. App. 468, 469 (2) (215 SE2d 23) (1975) (the statutory phrase "ex delicto" describes a tort). The failure to prove such damages constitutes a nonamendable defect under OCGA § 9-11-60 (d) (3). *GMC Group, Inc. v. Harsco Corp.*, 304 Ga. App. 182, 183-184 (2) (695 SE2d 702) (2010).

In its order granting a default judgment as relief with respect to Delta's fraudulent transfer (i.e., tort) claim against Arcturus, the trial court awarded Delta a lien against the Roswell property "to secure [Delta]'s judgment lien, plus all costs in this case." It is undisputed that the Roswell property currently is held by Arcturus. Nevertheless, the judgment does not limit the lien to amounts in which Delta allegedly has been damaged by Arcturus. The lien rather extends to (and beyond) the full amount of Delta's $1,000,000 judgment against DAX. The record, however,

contains no evidence establishing that Arcturus is liable for $1,000,000 or more in damages. At most, the record evidence suggests that any possible liability on the part of Arcturus is limited to $344,860, the total of all amounts that Delta alleges DAX supplied for the purchase of and improvements to the Roswell property.[3] Even accepting these amounts as the outer limits of Arcturus's *potential* liability, however, the record contains no evidence establishing that Delta in fact has been damaged by Arcturus in this or any other amount.

On the facts of this case, the absence of such evidence constitutes a nonamendable defect on the face of the record. See *GMC Group*, 304 Ga. App. at 183-184 (2). The trial court therefore did not abuse its discretion when it set aside the default judgment against Arcturus on this ground.

3. Delta also challenges the trial court's ruling that it lacks standing in this case, contending that (i) there is no record evidence that it assigned its rights under the California judgment; and (ii) regardless, the defendants' claim in this regard calls into question only whether Delta is the real party-in-interest, which does not implicate the validity of the action. The defendants respond, in relevant part, that they properly

---

[3] The parties have identified no evidence of the value of the Roswell property.

introduced evidence of Delta's assignment, which establishes its lack of standing and which, in turn, deprives the trial court of jurisdiction over this case.

The current record contains no clear indication that the trial court has squarely addressed whether (a) admissible evidence of Delta's purported lack of standing was properly before the court or (b) Delta has waived any challenge it may have to the admissibility of any such evidence. Given our rulings above in Divisions 1 and 2, we need not address – and we express no opinion on – either issue. We similarly express no opinion on whether, assuming any such evidence was properly before the trial court, the court was authorized to set aside the default judgment due to Delta's purported lack of standing. Compare *Blackmon v. Tenet Healthsystem Spalding, Inc.*, 284 Ga. 369, 371 (667 SE2d 348) (2008) ("[A] plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction."), with *Lewis v. Van Anda*, 282 Ga. 763, 765 (1) & n. 2 (653 SE2d 708) (2007) (holding that the trial court did not err when it denied the defendant's motion to set aside a judgment due to the plaintiff's purported lack of standing, on grounds that (i) the defendant had waived her challenge to the plaintiff's standing, and (ii) the purported lack of standing did not affect the trial court's subject matter jurisdiction), *Fulton County Bd. of Assessors v. Calliope Properties, LLC*, 312 Ga. App. 875, 878-879 (1) (720 SE2d 312) (2011) (a

11

challenge to a party's standing to invoke the powers of the court can be waived), and

*Snyder v. Carter*, 276 Ga. App. 426, 427 (623 SE2d 241) (2005) (a court's lack of subject matter jurisdiction cannot be waived). For each of the above reasons, we affirm the judgment of the trial court.

*Judgment affirmed. Miller, P. J., and Andrews, J., concur.*