**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 15, 2024**

# In the Court of Appeals of Georgia

A23A1697. KOS LIMITED v. DOCKERY et al.

PIPKIN, Judge.

Appellant KOS Limited ("KOS") appeals the trial court's order denying its motion to set aside the default judgment and damages entered against it in this action asserting claims for, among others, negligence, gross negligence, strict liability and wrongful death. As more fully set forth below, we now affirm.

On March 2, 2012, Adam Wingo was employed as a machine operator in Flowery Branch, Georgia, at a company that manufactured steel wire. On that date, Wingo reached into the machine to adjust a wire, was pulled into the machine, entangled in the wire, and decapitated. In February 2014, Appellee Christina Michelle Dockery, as the administrator of Wingo's estate and next friend of his minor child,

filed suit against multiple defendants, including KOS. Most of the defendants were dismissed or otherwise removed from the case, leaving Korean-based companies Haedong Industries Co., Ltd. and Inhwa Precision Corporation, Ltd., the alleged parent company of Haedong (collectively "Inhwa" or "Inhwa Defendants") and KOS, an unrelated entity. In the second amended complaint, which is the operative complaint here, Appellee asserted ordinary and gross negligence claims against KOS based on, among other things, its installation of the machine without sufficient safety guards while having knowledge of the serious dangers the machine posed to its users and without warning of these known dangers. Appellee's claims against the Inhwa Defendants were based on strict liability, negligent design/manufacture, and failure to warn.

KOS retained counsel, participated in discovery, and filed multiple motions in the case, including a motion for summary judgment. While the summary judgment motion was pending, KOS's attorney withdrew, and on May 21, 2018, the trial court ordered KOS to obtain new counsel. KOS failed to obtain counsel, and on September 14, 2018, after it failed to appear at the hearing on the summary judgment motion, the

trial court struck KOS's answer, found it in default as to liability, and ordered a trial on damages.

Meanwhile, the Inhwa Defendants never filed an answer to the complaint, and the trial court entered a default judgment against them in 2017. In 2018, the trial court held a damages trial on the claims against the Inhwa Defendants; these proceedings were not taken down. On September 17, 2018, the court entered judgment against the Inhwa Defendants, jointly and severally, in the amount of $20,722,105.26 on the wrongful death claim and $5,000,529.00 on the estate's claims.[1]

A few months later, on November 29, 2018, the trial court conducted a second damages trial on the claims against KOS; KOS failed to appear or otherwise

---

[1] On December 13, 2018, the Inhwa Defendants filed a motion to set aside alleging, among other things, a nonamendable defect appearing on the face of the record or pleadings under OCGA § 9-11-60 (d) (3) and a motion to open default. The trial court initially granted the motion to set aside but denied the motion to open default. We granted Inhwa's application for interlocutory appeal, and ultimately vacated the trial court's order and remanded for "the trial court to make explicit any basis for its decision(s) relative to whether [Inhwa's] motion to set aside should be granted." *Dockery v. Haedong Indus. Co.*, 355 Ga. App. 436, 439 (1) (844 SE2d 496) (2020). On remand the trial court reversed course, and, on October 23, 2020, entered an order denying Inhwa's motion to set aside; in denying the motion, the trial court specifically determined that the failure to apportion did not constitute a basis for setting aside the judgment since the Inhwa Defendants did not appear at the damages hearing and "offered no evidence as to apportionment[.]" The Inhwa Defendants did not file an appeal from that order.

participate in the damages trial,[2] and this hearing was also not taken down. On December 3, 2018, the trial court issued judgment against KOS in the amount of $20,722,105.26 on the wrongful death claim and $5,000,539.00 on the estate claim, for a total award of $25,722,644.26, which was exactly the same as the total damages awarded in the Inhwa judgment.[3]

Although KOS had not participated in the litigation since the spring of 2018, on December 3, 2021, exactly three years after the judgment had been entered against it, KOS's new counsel filed an entry of appearance and a motion to set aside the judgment and to open default. KOS argued, among other things, that because the Inhwa Defendants had been found liable by the time the trial court entered judgment against KOS, the trial court was required by the applicable version of OCGA § 51-12-33 to apportion the damages awarded between KOS and the Inhwa Defendants[4] and,

---

[2] The trial court made a specific finding in the December 3, 2018 judgment that KOS had notice of the of the damages trial, and KOS does not claim otherwise.

[3] There was a very slight difference in the amount of damages awarded to the estate in the two judgments, but we assume this was merely a scrivener's error since the total amount of the damages awarded against KOS and Inhwa was the same.

[4] Throughout the remainder of this opinion, where appropriate, KOS and the Inhwa Defendants will be referred to collectively as the "defaulting defendants."

further, that the failure to do so constituted a nonamendable defect appearing on the face of the record entitling it to have the judgment set aside under OCGA § 9-11-60 (d) (3).[5] Following a hearing, the trial court determined that KOS waived any argument that apportionment was required or appropriate by failing to appear at the damages trial or otherwise present evidence of or request apportionment. Alternatively, the trial court concluded that because none of the defaulting defendants appeared at their respective damages trials to present argument or evidence concerning the allocation of damages between them, the trial court did not have a basis on which to apportion the damages award. Thus, the trial court concluded, the failure to apportion in "this case was not an error or defect on the face of the pleadings" and denied the motion. KOS filed an application for discretionary appeal from this order, which we granted, and then timely filed this appeal.

1. KOS argues that apportionment was required "on the face of the record" in this case and thus the trial court erred by refusing to set aside the judgment under

---

[5] OCGA § 9-11-60 (d) (3) authorizes a court to set aside a judgment based upon "[a] nonamendable defect which appears upon the face of the record or pleadings."

OCGA § 9-11-60 (d) (3). We begin our analysis of this issue by setting out, in relevant part, the applicable version[6] of Georgia's apportionment statute, OCGA § 51-12-33:

(a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, *the trier of fact*, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

(b) Where an action is brought against more than one person for injury to person or property, *the trier of fact*, in its determination of the total amount of damages awarded, if any, *shall* . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, and shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) In assessing percentages of fault, *the trier of fact shall consider the fault* of all persons or entities who contributed to the alleged injury or

---

[6] Subsection (b) of the apportionment statute was amended in 2022 to allow apportionment of damages based upon non-party fault when there is only one named defendant. Ga. L. 2022, p. 802, § 1. This new version of the statute only applies to cases filed after May 13, 2022, id. at §§ 2-3, and is of no consequence here.

damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

(Emphasis supplied.)

Under this statute, "*persons* who are liable" refers to named defendants who are liable.(Emphasis supplied.) See *Alston & Bird v. Hatcher Mgmt. Holdings*, 312 Ga. 350, 355 (2) (862 SE2d 295) (2021). "These provisions require that once liability has been established and the damages sustained by the plaintiff have been calculated, the trier of fact must then assess the relative fault of all those who contributed to the plaintiff's injury . . . and apportion the damages based on this assessment of relative fault." (Citation omitted.) *Martin v. Six Flags Over Georgia II*, 301 Ga. 323, 338 (III) (801 SE2d 24) (2017). As the Court in *Martin* went on to explain, these are distinct steps: "once liability has been established, the calculation of total damages sustained by the plaintiff is the first step, and the allocation of relative fault and award of damages according to that allocation is a distinct second step." Id. at 338-339 (III).

We first address the issue of waiver. Although the applicable apportionment statute states that the "trier of fact . . . *shall* . . . apportion its award damages among the persons who are liable according to the percentages of fault," see OCGA § 51-12-33

7

(b), and "*shall* consider the fault of all persons or entities who contributed to the alleged injury or damages," that does not mean that a liable defendant cannot waive the right to apportionment. KOS does not directly argue otherwise, asserting instead that it did not waive the right to present the arguments raised in this appeal because it raised them in a timely motion to set aside under OCGA § 9-11-60 (d), and the "trial [c]ourt did not make any finding of waiver as it addressed and adjudicated the issues before it." But, as stated above, in its order denying KOS's motion to set aside, the trial court made an express determination that, by failing to request that the trial court apportion damages or present any evidence on the allocation of fault, KOS "waived any argument that apportionment was required or appropriate[.]" And while the trial court properly recognized, as KOS also argues, "that the fact that a defendant is in default does not preclude that defendant from requesting or presenting evidence of apportionment at a hearing or trial on damages," see *I. A. Group Ltd. Co. v. RMNANDCO*, 336 Ga. App. 461, 463 (1) (784 SE2d 823) (2016), that case does not involve a situation where, as here, none of the defaulting defendants appeared at their damages trials or otherwise made a post-default request that the trial court allocate fault and apportion damages. Thus, while *RMNANDCO* may stand for the

8

proposition that a defaulting defendant does not give up the right to seek apportionment under certain circumstances,[7] it does not stand for the proposition that a trier of fact must do so when only the plaintiff participates in the damages trial and no defendant, defaulting or otherwise, presents any evidence or argument to support an allocation of fault. Indeed, KOS does not cite, and we have not found, any Georgia appellate apportionment case holding that the trial court must apportion damages between defendants-in-default under the circumstances here. On the other hand, we have previously held that a party can waive the right to apportionment, see *Trabue v. Atlanta Women's Specialists*, 349 Ga. App. 223, 231 (2) (825 SE2d 586) (2019), and we have also recognized that "one cannot waive the right to participate in a damages hearing, passively acquiesce to [alleged] deficient procedures, . . . then contest the alleged deficiencies on appeal." *Wal-Mart Stores v. Forkner*, 221 Ga. App. 209, 210 (2) (471 SE2d 30) (1996). Thus, on appeal, KOS has not shown that the trial court erred by determining that, because it did not participate in the damages trial or otherwise

---

[7] The defendants-in-default in *RMNANDCO* had been placed in default as a sanction for discovery abuses. But, before the damages trial began, they filed an amendment to the pre-trial order asking that the verdict form provide for apportionment and made "vigorous objections" to the proposed verdict form providing for the entry of a joint and several damages award. 336 Ga. App. 463 (1).

seek apportionment after it was found in default, KOS waived any argument that apportionment was required or appropriate.

2. However, we recognize that this issue is closely related to the question of whether there was any basis for apportionment, which is intertwined with the question of whether there existed a defect appearing on the face of the record. Thus, we will also address these issues.

As stated above, in addition to finding waiver, the trial court determined that because none of the defaulting defendants appeared at their damages trials, there was no basis to apportion the damages award. KOS challenges this determination, arguing that apportionment is required under the apportionment statute when multiple unrelated parties are found liable for the same injury, and that "the trial court erred by imposing an apportionment 'burden' on KOS because apportionment was required on the face of the record." While we agree with KOS that apportionment may have been possible here because there was a *legal means* of dividing fault between the Inhwa Defendants on the one hand and KOS on the other, see *FDIC v. Loudermilk*, 305 Ga.

558 (826 SE2d 116) (2019),[8] we disagree that the trial court was required to apportion damages in the absence of an evidentiary basis to assign relative percentages of fault between the defaulting defendants.

As KOS appears to acknowledge, at least implicitly, our appellate courts have recognized that the trier of fact cannot apportion damages when no evidence has been presented or argument made upon which the trier of fact can establish a basis for allocation of relative fault, and our courts have specifically held that the burden to present such evidence is on the defendant who seeks to have the damages apportioned. This law is nothing new. Indeed, our Supreme Court, in answering a certified question from the Eleventh Circuit on burden of proof concerning the apportionment of damages in an enhanced crashworthiness/enhanced injury case, held that once the plaintiff meets her burden of showing that a design defect exacerbated the injuries suffered in a car wreck, "the burden of proof shifts to the defendant which wishes to limit its liability to demonstrate a rational basis for apportioning the liability for the injuries." See *Polston v. Boomershine Pontiac-GMC*

---

[8] *Loudermilk* is instructive in that it undercuts any argument that the apportionment statute *always* applies when multiple defendants have been found liable. Rather, whether fault is divisible is the "touchstone" inquiry in determining whether the apportionment statute applies in the first place. 305 Ga. at 576 (2).

*Truck*, 262 Ga. 616, 619 (423 SE2d 659) (1992).[9] In reaching this conclusion, the court quoted the *Restatement Second of Torts*, § 433B (2): "Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor." Id. at 617. More recently, in *Stewart Ausband Enterprises v. Holden*, 349 Ga. App. 295, 300 (2) (826 SE2d 138) (2019), this Court held that "[i]t is the defendants' burden to establish a basis for apportionment, and it is the factfinder's role to assign fault accordingly." Thus, when the damages awarded were proved only by allegations of the complaint and "defendants offered no evidence as to apportionment, . . . there was no basis to apportion the award among them or to any other party." Id. See also *Northwest Ga. Contracting v. St. Germain*, 350 Ga. App. 568,

---

[9] While this case predates the 2005 overhaul of the apportionment statute as part of the Tort Reform Act of 2005, our Supreme Court cited it with approval in *Couch v. Red Roof Inns*, 291 Ga. 359, 366 (1) (729 SE2d 378) (2012).

571 (4) (829 SE2d 814) (2019) (same in case also involving a default judgment).[10]

This makes sense under the plain words of the statute, which requires the *trier of fact* to determine percentages of fault and then to apportion damages accordingly. And just as a trier of fact cannot make an award of damages without some evidentiary basis for making that award, see *Stewart*, 349 Ga. App. at 297-298 (1) (a), at least when damages are unliquidated, the trier of fact also cannot determine percentages of fault without some basis from which it can make that assessment. Although a defendant might be relieved of its burden to present such evidence when that evidence otherwise exists, our law squarely places that burden on the defendant who seeks to benefit from the apportionment of damages when it does not. Our law simply does not permit the

---

[10] Our appellate courts have made similar holdings in cases involving the allocation of fault to nonparties under OCGA § 51-12-33 (c). See *Johnson Street Properties v. Clure*, 302 Ga. 51, 58 (1) (b) (805 SE2d 60) (2017) ("it is the defendant's burden to establish a rational basis for apportioning fault to a non-party"); *McReynolds v. Krebs*, 290 Ga. 850, 853 (1) (b) (725 SE2d 584) (2012) ("The lack of evidence on which apportionment could be based also defeats [defendant]'s claim that she is entitled to apportionment under OCGA § 51-12-33 (c) and (d)[.]"); *Brown v. Tucker*, 337 Ga. App. 704, 717 (4) (788 SE2d 810) (2016) (once the plaintiff establishes her prima facie case, the defendant seeking to establish that a nonparty was also at fault has the burden of proving that defense).

trier of fact to make a stab in the dark about how percentages of fault should be assigned.

KOS attempts to distinguish this precedent. First, KOS argues that "the trial court was required to apportion fault and damages in this case because the face of the record showed that fault was 'divisible' (. . . due to distinct allegations and legal theories) between [the defaulting defendants]." Further, KOS argues that the cases placing the burden of proof on a defendant seeking apportionment to prove a basis for assigning percentages of fault are inapplicable here because those cases involve either nonparties, or associated person and entities, and in those cases the basis for apportionment was not plain from the face of the record. KOS urges that this case is different and that it "bore no 'burden' to establish apportionment . . . because . . . the face of the record shows that fault is divisible because the claims and allegations against KOS were 'distinct' from the Inhwa Defendants[,]" and that these distinct allegations were established as true when the trial court entered default judgments against the defaulting defendants. Although some of what KOS argues is true, KOS's ultimate conclusion that the trial court was not only authorized but required to apportion damages in this case is not.

14

First, since KOS seems to conflate these terms, it is important to remember that fault and liability as used in the apportionment statute are not synonymous. As our Supreme Court explained in *Zaldivar v. Prickett*, 297 Ga. 589 (774 SE2d 688) (2015), "[f]ault is the measure of liability under subsection (b) for defendants who are liable, but it does not literally mean 'liability.'" Id. at 595 (1), n.5. See also Id. at 600 (1), n.7 ("[t]he assignment of 'fault' is the mechanism by which the 'liability' of a named defendant is measured"). In this regard, "'fault' in subsection (b) refers to *the degree* to which each tortfeasor's actions *contributed* to the damages." (Emphasis supplied.) *Couch v. Red Roof Inns*, 291 Ga. 359, 361 (1) (729 SE2d 378) (2012). Thus, while it is true that the defaulting defendants were found liable based on distinct legal theories as stated in the complaint and that the well-pled allegations of the complaint on which liability was based were to be taken as true once defendants were placed in default, this tells us nothing about the relative degree to which the defaulting defendants were at fault.

Citing *Georgia CVS Pharmacy v. Carmichael*, 316 Ga. 718 (890 SE2d 209) (2023), KOS urges, however, that its "reasoning" that the trial court was required to apportion damages "is consistent with the Georgia Supreme Court's recent holding

15

that a factfinder cannot 'decline to apportion *fault*' where the *record* 'compels' that others are *liable*." (Emphasis supplied.) But, conveniently, KOS does not quote exactly what our Supreme Court said: "While OCGA § 51-12-33 does not require the jury to apportion fault to each party or nonparty alleged to be at fault in every case, the statute does not authorize the jury to decline to apportion *fault* to a nonparty where *the evidence* compels a finding that the nonparty shares some *fault* for the harm alleged." (Emphasis omitted and supplied.) Id. at 738-739 (III). Thus, that case does not speak in terms of "the record" and "liability" but rather says that the factfinder must allocate fault where the *evidence compels a finding of fault.* The evidence here consists of nothing more than the taken-as-true allegations of the complaint and the evidence concerning damages presented at the defaulting defendants damages trials, about which we know nothing other than what is recited in the trial court's orders since those proceedings were not taken down. And the fact that the allegations are to be taken as true upon the entry of the default judgments clearly does not advance KOS's position as demonstrated by the fact that KOS has failed to offer any explanation of how those allegations would provide a basis for the trier of fact to allocate the percentages of fault between a manufacturer of a defectively-designed

16

machine and the entity who installed that machine without any safeguards or warnings despite knowing that the machine was dangerous. Simply put, the fact that the defaulting defendants were found liable under distinct legal theories and that their fault *could* have been apportioned does not mean that the factfinder had a basis to determine the "degree to which each [liable defendant] contributed to the damages." *Couch*, 291 Ga. at 361 (1).

This is further shown by the contradictory positions that KOS takes in this appeal. While KOS seemingly argues that the trial court could have allocated percentages of fault based on the face of the record, KOS does not urge that the remedy for the trial court's failure to do so is to remand to the trial court with direction that it make that determination. Rather, KOS argues that the judgment must be set aside and the case remanded for a trial on apportionment. Thus, as the trial court recognized, while this case may have presented an appropriate case for apportionment, the failure of any of the defaulting defendants to appear at their respective damages trials or present any evidence on apportionment left the trial court, sitting as the trier of fact, without any basis to assess relative percentages of fault and allocate the damages between them.

In sum, just as it was Appellee's burden, as the plaintiff, to put forth evidence of damages once liability had been established by default, it was the burden of a defendant seeking apportionment of the damages awarded to put forth evidence from which the trier of fact could assess percentages of fault. And because apportionment in this case was either waived or did not apply because there was no basis for apportionment, the trial court did not err in entering judgment jointly and severally in this case. See *Hatcher,* 312 Ga. at 356 (2), n.2 ("[w]here apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury[.]"). See also *Deaton Holdings v. Reid*, 367 Ga. App. 746, 747-748 (1) (888 SE2d 333) (2023).

*Judgment affirmed. Dillard, P. J., and Rickman, J., concur.*